Filed 10/4/21  P. v. Ijams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JEFFREY ROBERT IJAMS,<br><br>    Defendant and Appellant. | C092177<br><br>(Super. Ct. No. 62165623,<br>62166627) |

On June 20, 2019, defendant resolved two pending cases by entering into a plea agreement for a stipulated sentence of six years eight months in state prison, including two years for two prior prison term enhancements.  Defendant did not appeal from that judgment.

On April 12, 2020, defendant sent a letter to the trial court asking to modify his sentence pursuant to the recent changes made by Senate Bill No. 136 to Penal Code sections 1180-1260, and 1170, subdivision (d).  After hearing from both parties, the trial court denied defendant's motion.  Defendant now contends it was error for the trial court to deny his motion.  We disagree.

1

On October 8, 2019, the Governor signed Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136), several weeks later, on November 18, 2019, the amendments became effective on January 1, 2020 (Stats. 2019, ch. 590, § 1). Senate Bill 136 applies retroactively only to those cases that were pending at the time of its enactment. (See *People v. Brown* (2012) 54 Cal.4th 314, 324 ["a legislative act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments"].) Defendant did not appeal from his judgment, and the judgment was final on August 19, 2019, 60 days after he was sentenced. (Cal. Rules of Court, rule 8.308.) Thus, Senate Bill 136 and the resulting amendments do not apply to him.

Defendant further argues it is a violation of his constitutional rights to equal protection not to apply the ameliorative benefits of Senate Bill 136 to his sentence. Again, we disagree.

A criminal defendant has no vested interest in a specific term of imprisonment. (*People v. Turnage* (2012) 55 Cal.4th 62, 74.) "It is both the prerogative and the duty of the Legislature to define degrees of culpability and punishment, and to distinguish between crimes in this regard. [Citation.] Courts routinely decline to intrude upon the 'broad discretion' such policy judgments entail. [Citation.] Equal protection analysis does not entitle the judiciary to second-guess the wisdom, fairness, or logic of the law. [Citation.]" (*Id*. at p. 74.)

Equal protection of the law is denied only if no rational relationship exists between the disparity of treatment and some legitimate governmental purpose. (*People v. Turnage, supra*, 55 Cal.4th at p. 74.) The legislation in question will survive scrutiny if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. (*Ibid*.) To make a successful rational basis challenge, a party must negate every conceivable basis that might support the disputed statutory disparity. If a plausible basis exists for the disparity, appellate courts may not second-guess its wisdom, fairness, or logic. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)

Our Supreme Court has recognized that the Legislature has a rational reason for refusing to make new laws that reduce criminal sentences fully retroactive—namely, "to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written." (*In re Kapperman* (1974) 11 Cal.3d 542, 546.) Consequently, " '[a] reduction of sentences only prospectively from the date a new sentencing statute takes effect is not a denial of equal protection.' " (*People v. Floyd* (2003) 31 Cal.4th 179, 189.)

Under the Supreme Court authorities above, defendant's equal protection challenge is without merit. He has failed to negate every conceivable basis that might support the disputed statutory disparity. (See *Johnson v. Department of Justice, supra*, 60 Cal.4th at p. 881.) Accordingly, he does not establish a constitutional violation, and this claim fails.

DISPOSITION

The trial court's order denying defendant's motion to modify his sentence is affirmed.

 

 

_____

     HULL, J.

 

We concur:

 

 

_____

RAYE, P. J.

 

 

_____

RENNER, J.